UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICE A. PEELER, | No. 2:13-cv-2429 CKD P |
| Plaintiff, | |
| v. | ORDER |
| MACHADO, et al., | |
| Defendants. | |

Plaintiff is a Sacramento County Jail prisoner proceeding pro se. He has consented to have all proceedings in this matter before a United States Magistrate Judge. See 28 U.S.C. 636(c).

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to

/////

/////

plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

1    The court has screened plaintiff's complaint and finds that is states a claim upon which
2 relief can be granted pursuant to 42 U.S.C. § 1983.  If plaintiff proves the allegations in his
3 complaint, plaintiff has an opportunity to prevail on the merits of claims arising under the Fourth
4 Amendment for excessive force against defendants Machado, West, Ross and Barnhart.
5 Plaintiff's complaint fails to state claims upon which relief can be granted against defendants
6 McKenzie or Bonner as plaintiff fails to allege they caused plaintiff's Constitutional rights to be
7 violated, or point to any facts suggesting as much.

8    Considering the above, plaintiff will be granted 30 days within which to file an amended
9 complaint so that plaintiff may attempt to state actionable claims against defendants McKenzie
10 and Bonner.  Plaintiff is not required to file an amended complaint.  If he does not, the court will
11 assume plaintiff's consent to dismissal of defendants McKenzie and Bonner and a desire to
12 proceed on Fourth Amendment claims against defendants Machado, West, Ross and Barnhart.

13    If plaintiff elects to file an amended complaint, plaintiff must allege in specific terms how
14 each named defendant is involved in a deprivation of Constitutional rights.  There can be no
15 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
16 defendant's actions and the claimed constitutional deprivation.  Rizzo v. Goode, 423 U.S. 362
17 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
18 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights
19 violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
21 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
22 complaint be complete in itself without reference to any prior pleading.  This is because, as a
23 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
24 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
25 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
26 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
27 /////
28 /////

3

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff is granted 30 days within which to file an amended complaint consistent with the terms described above. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."

Dated: December 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
peel2429.14