UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICE A. PEELER, | No. 2:13-cv-2429 TLN CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| MACHADO, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. He is proceeding with claims arising under the Fourth Amendment for excessive force against defendants Machado, West, Ross and Barnhart (defendants), who at all relevant times were employees of the Placer County Sheriff's Department. Two matters are before the court including defendants' motion for summary judgment as to plaintiff's claims against defendants Barnhart and Ross.[1]

/////

/////

/////

---

[1] The court notes that plaintiff filed a sur-reply with respect to the motion for summary judgment. ECF No. 40. The local rules of this court allow an opposition and reply, not sur-replies. See Local Rule 230(l). Because plaintiff did not obtain leave to file his sur-reply, it will not be considered.

I. Motion For Summary Judgment

    A. Plaintiff's Claims

In his first amended complaint (ECF No. 25), which is signed under the penalty of perjury, plaintiff alleges as follows:

    1. On September 19, 2012, plaintiff was taken into custody by defendants.

    2. Defendants "violently, maliciously for the purpose of causing harm stomped, kicked, kneed, [and] drove with force plaintiff[']s head into the ground."

    3. As a result of defendants' actions plaintiff received lacerations to his head and face, and "knots" behind his ears and the back of his head. He also had double vision, blurred vision, dizziness and headaches.

    4. Plaintiff has received medical care at the Sacramento County Jail for injuries including evaluation by an eye specialist for double vision, blurred vision, dizziness and headaches.

    B. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

C. <u>Arguments and Analysis</u>

When a plaintiff alleges excessive force during an arrest, the federal right implicated is the Fourth Amendment right against unreasonable seizures. <u>Tolan v. Cotton</u>, 134 S. Ct. 1861, 1865 (2014). The amount of force used violates the Fourth Amendment if the force was excessive as measured by objective standards of reasonableness. <u>Wilkins v. City of Oakland</u>, 350 F.3d 949, 954 (9th Cir. 2003). In order to determine whether the amount of force used was reasonable, the court considers the nature and quality of force used against the countervailing government interests at stake. <u>Green v. City & Cnty. of S.F.</u>, 751 F.3d 1039, 1049 (9th Cir. 2014).

Defendants point to evidence indicating that during plaintiff's arrest, defendants Barnhart applied no force to plaintiff and defendant Ross simply wrapped his arms around plaintiff's legs, which were moving, until plaintiff was handcuffed. Defendants assert that if any excessive force was used, it was used by Machado and West between the time they tackled and handcuffed plaintiff; a matter of seconds according to defendants. As for whether Barnhart could have interceded and stopped any excessive force applied by Machado and West, defendants point to evidence indicating that defendant Barnhart was approximately 100 feet away when plaintiff was apprehended. Defendants assert Ross could not intercede either -- assuming excessive force was used -- as it happened too fast for Ross to do anything about it. Ross arrived at the scene where plaintiff was subdued after plaintiff was on the ground and as Machado and West were on top of plaintiff.

In the declaration attached to his opposition, plaintiff agrees that neither Barnhart nor Ross actually used excessive force against him. However, he argues they both could have intervened and stopped the excessive force applied by Machado and West.

Defendant Barnhart should be granted summary judgment because plaintiff fails to point to any evidence indicating he could have intervened from 100 feet away with respect to any excessive force which was used by Machado and West.

As for Ross, plaintiff asserts the amount of time which elapsed between his being tackled and handcuffed by West and Machado was approximately 30 seconds, giving Ross plenty of time to intervene. He does admit in his deposition that his legs "flailed" as he was being subdued,

4

ECF No. 36-2 at 39, and he does not dispute that he was already on the ground when defendant Ross restrained plaintiff's legs. There is no evidence Ross ordered Machado and West to use excessive force, or that the force they initiated was anything other than spontaneous.

Considering all of the facts in the light most favorable to plaintiff, the court finds there is not a genuine issue of material fact as to whether defendant Ross assisted defendants West and Machado in using excessive force against plaintiff. Most significantly, plaintiff's admission that he flailed his legs while he was on the ground means that it was entirely appropriate for Ross to restrain plaintiff's legs so that neither he nor any of the other officers would get kicked by plaintiff. This being the case, Ross was not in a position to stop any excessive force allegedly applied by West and/or Machado during the relatively short period of time between Ross's arrival and plaintiff's being handcuffed.

Accordingly, the court will recommend that defendants' motion for summary judgment be granted and defendants Barnhart and Ross be dismissed from this action.[2]

II. Plaintiff's Motion For Leave To File A Motion For Summary Judgment

On March 23, 2015, plaintiff filed a motion seeking leave to file a motion for summary judgment. Plaintiff filed a motion for summary judgment on December 12, 2014. The motion was stricken because it was not timely and plaintiff did not explain why he did not seek a motion for an extension of time to file a motion for summary judgment before the deadline expired. Plaintiff still has not adequately explained his failure to seek an extension of time prior to the expiration of the deadline. Accordingly, his motion for leave to file a motion for summary judgment is denied.

For all of the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for leave to file a motion for summary judgment is denied; and

---

[2] In light of the foregoing, defendants Ross and Barnhart are also immune from plaintiff's remaining Fourth Amendment claims under the "qualified immunity" doctrine. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As indicated above, there is no genuine issue of material fact as to whether Ross or Barnhart violated plaintiff's Fourth Amendment rights.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 36) be granted; and

2. Defendants Barnhart and Ross be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 10, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
peel2429.57